# Exhibit A

APPLICANT   ROBERT LESLIE ROBERSON, III    APPLICATION NOS. 63,081-02

11.071 APPLICATION FOR WRIT OF HABEAS CORPUS    XXX

DISMISS AS AN ABUSE OF THE WRIT.

*Per Curiam*
JUDGE

9/16/09
DATE

Cause No. 74,671

In The Court of Criminal Appeals of Texas
Austin, TEXAS

Ex Parte,
Robert L. Roberson III
Petitioner

Trial Court 87th District
Court of Anderson County
TEXAS
Cause No. 26,162

Notice of Desire to Raise Additional Habeas Corpus Claims

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 5 2005

Troy C. Bennett, Jr., Clerk

To The Honorable Judges of Said Court:

Come now the petitioner appellant Robert L. Roberson III Pro Se, who in prudent and expeditious fashion, and in good faith,

Without aims towards inardinant delays of case finality or imminent execution of sentence of death.

Who for cause, file with Texas State Court of Criminal Appeals, and, all parties of interests as listed at close of this pleading. Applicant's pro se notice of Desire to Raise Additional Habeas Corpus Claims, or Grounds for Issuance of this Writ.

Upon Court appointment of James W. Volberding as petitioner's defense attorney for Habeas Corpus Writ Petition preparation and presentation pursuant to article 11,071 (Tex. Code of Criminal Procedure), Sept. 1, 1995, as Amended Sept. 1, 1999 (Vernon). After defense counsel's thorough investigation and development of promising claims or grounds for post-trial Habeas Corpus Writ issuance. With applicant's age old legal right to input into his own case development and control of defense to be tempered, ["Where his life is on line, not defense counsel's"]. 1

See, e.g., <u>Anders</u> <u>v</u>. <u>California</u>, 875. ct. 1396 (1967); <u>Kentucky</u> <u>v</u>. <u>Stincer</u>, 107 s. ct. 2671 (1987). <u>Faretta</u> <u>v</u>. <u>California</u>, 95 s. ct. 2525 (1975), <u>Strickland</u> <u>v</u>. <u>Washington</u>, 104 s. ct. 2052 (1984). <u>U.S.</u> <u>v</u>. <u>Mouzin</u>, 785 F. 2d 682 (1986) (9th Cir.). And, <u>In</u> <u>Re</u> <u>Hipp</u>., 5 F.3d 109, 114 (5th. Cir. 299 3).

Appellant Roberson contacted appointed counsel, and, instructed him, vis. a. vis., my legal right to participate in, and, control my own defense. To investigate, develop, and file with the courts certain <u>promising</u> claims that potentially and, ("hopefully"), warrants habeas corpus writ.

<u>1</u>' Patently, death is qualitively diffrent. <u>Lockett</u> <u>v</u>. <u>Ohio</u>, 98 s. ct. 2954, issuance. As is the duty of all persons seeking to avail themselves of any court procedure. Cf. <u>Rule</u> <u>50</u> <u>(d)</u> <u>and</u> <u>74</u> <u>T.R.</u> <u>App.</u> <u>Pro</u> <u>Se.</u> (Vernon) (1995), with, <u>Murphy</u> <u>v</u>. <u>State</u>, 894 S.W. 529, 530 (Tex. App.-Austin 1995). So that as matter of law, "All viable non-frivolous claims are raised initially in one habeas corpus write p petition.
<u>'2'</u> And not challenged as, (waived through negligence or, indiligencey.) As applicant is duty bound to do. <u>2</u>' Because as well understood, as much as a voluntary guilty plea.

<u>2</u>' <u>Sanders</u> <u>v</u>. <u>U.S.</u>, 373 U.S. 1, 27-28 (1963). Waives all non-jurisdictional defects. <u>3</u>' So to does neglect in failure to timely plead well known legal error. <u>3</u>' Save where constitutional error in the trial of the cause has brought on a wrongful conviction and sentence. Included within <u>Smith</u> <u>v</u>. <u>Murray</u>, 206 s.cct. 2661 (1986); <u>Murray</u> <u>v</u>. <u>Carrier</u>, 206 s. ct. 2639 (1986). And, <u>Ex</u> <u>Parte</u> <u>Smith</u>, 977 S.W. 2d. 620 (Tex. Cir. App. 1998).

To avoid potential or actual filing of errors.

<u>3</u>' <u>Tollett</u> <u>v</u>. <u>Henderson</u>, 411 U.S. 258, 267 (1973). <u>Sanders</u>, Ante, footnote (2), p.5. What is in dawau (...successive corpus write

application raising claims that are barred, well known at original Habeas request to both applicant, and his agent defense counsel..."). Claims waived by counsel's refusal to investigative and plead them upon requests.

Applicant presented the following claims or grounds of error to habeas corpus counsel. And instructed he include them within original habeas corpus writereview critical stages of this death sentenced case.

<u>1</u>.) Ineffective Assistance of trial counsel-attorney failed to investigate and represent me in the standards set forth by the Bar Association and Law.

<u>2</u>.) Failing to raise and challenge the issue of Distress, in my case I was threatened to participated, my trial attorney's or Habeas Counsel could have talked to and investigated Heather Berryhill. I was threatened by this woman if I testified against her. My family's life was threatened as well.

<u>3</u>.) Failing to go and talk to this woman, and failing to investigate her, after I had notified my Habeas Counsel to do so.

<u>4</u>.) Failing to challenge the way the death penalty is givennout, because I do not have any other priors or any cases other than the things brought forth during trial.

Patently, though defense counsel need to raise and advance every arguement, regardless of merit, urged by appellant, heemust be available to assist in preparing and submitting such claims to appellant court. <u>Evitts</u> <u>v.</u> <u>Lucey</u>, 205 s. ct. 830 (1985). <u>Anders</u> <u>v.</u> <u>California</u>, 87 s. ct. 1396 (1967). "Counsel must command control of both facts and law of his client's case." And plead them all in one initial setting. <u>Jackson</u> <u>v.</u> <u>State</u>, 662 S.W. 74, 75, 76, (Tex. 1983). And serve his clients best interests, by asserting specific and best grounds for reversal. Cp., <u>McCoy</u> <u>v.</u> <u>Court</u> <u>of</u> <u>Appeals</u> <u>of</u> <u>Wisconsin</u>, 208 s. ct.

1985 (1998).

So that the appellant court legally completes the ultimate determination of the legality of the applicant's confinement and sentence. "It is in perative that...They have (all) the information necessary to make an intelligent... Murphy v. State, 927 S.W. 2d 28 (Tex. Crim. App. 1996). Such information includes all potential claims being plead in initial habeas corpus petition.

It is habeas petitioner's counsel's obligation to present such claims [completelyyand properly"] to the courts. Deutscher v. Whitley, 672 F. supp. 1264, 1267 (1. habeas corpus Key 53).

Failure of counsel to perfect a legal process, and, the courts knowledge thereof, or, involvement. States a fourteenth amendment violation. Edwards v. State, 520 F. 2d 321 (5th. Cir. 1975). Bell v. Wolfish, 99 s. ct. 1867 (1979). And Ross v. Moffit, 94 s. ct. 2437 (1974).

Because there is no higher duty to maintain writ of habeas corpus unimpaired. Johnson v. Avery, 89 s. ct. 747 (1969). And to treat all persons similarly situation, ("equally"), Cp., Sonnier v. State, 933 S.W. 2d. 511 (Crim. App. 1995), Ross and Bell, Ante, p. 20, And to guarantee a hearing appropriate to the nature of this death sentenced case. As due process assured he under law (U.S. v. Raddath,) 100 s. ct. 2407 (1980).

And the State Courts are shown to have threatened federal law as law of the land. As imposed under, Jackson v. Fankell, 227 s. ct. 2800 (1997). Safe guarding personal liberties with extreme caution. This court should construe this laymen's pleading in a light or caption best aiding the court and pro se litigant, as law requiring of you. Pursuant to Haines v. Kerner, 92 s. ct. 594 (1972). Anders v. California, 87 s. ct. 1396 (1967). 'and, your own law, Ex Parte Davis, 828 S.W. 2d. 64, 65, 68 (Tex. Crim. App. 1991).

And either appoint, or cause to be appointed by the lower court, new habeas corpus writ petition counsel for applicant's defense.

Or treat this pleading as properly amending counsel's inadequate and potentially life threatening state habeas corpus write petition and appeal. Which intentionally and deliberately omit through negligence, ineffectiveness, conflict of interests, or, incompetence.

Valuable, and, non-frivolous habeas corpus claims, waived, if, not ("timely plead pro se, or, through counsel"), As a matter of law. Cp. McClesky v. Zant, 222 s. ct. 2454, 2466 (1991).

This court should grant the relief appropriate to the nature of applicant's claim's herein. So that justice is done. Rather than sacrifice of a client to well armed state gladiators, contrary to U.S. v. Cronic, 104 s. ct. 2039 (1984). And the U.S. Constitution.* * * *

## Prayer For Relief

To circumvent a fundamental miscarriage of justice herein, And ascertain. Applicant pray that this court would instruct court appointed state habeas corupus counsel to either amend habeas corpus write petition or appeal papers to ensure all grounds and potential claims for relief urged by applicant, to avoid waiver thereof, or, piecemeal litigation.

Or, otherwise, appoint new competent and reasonably effective counsel to do so. Or, treat this pleading through liberal construing as an adequate amended raising of high value, or plausible grounds for habeas corpus writ issuance or success on appeal. So as to avoid procedural defaults or flaws at other critical review stages, in the event state habeas corpus issuance is denied. As with appeal therefrom. And caution is taken in this unique and extreme punishment case. Pursuant to Enmund v. Florida, 102 s. ct. 3364 (1972).

In Good Faith, And Respectfully,

<u>Robert L/RRoberson III</u>

A
Robert L. Roberson III
T.D.C.J. #999442
Allan B. Polunsky Unit/D.R.
3872 FM 350 South
Livingston, Texas 77351

Executed: 7-20-05
*Robert L. Roberson III*

<u>Parties Served:</u>

1.) Appellant Counsel
James W. Volberding
One American Center
909 E.S.E. Loop 323
Suite 700
Tyler, Texas 75701

(903) 597-6622
(903) 597-5522 (Fax)

2.) Clerk of Court
Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 75711

3.) Mrs. Janice Staples
Anderson Country District Clerk
P.O. Box 1159
Palestine, Texas 75802-1159

4.) Judge Bascom W. Bentley III
Anderson CountyyCourthouse
500 North Church
3rd District Court
Palestine, Texas 75801