# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **ROBERT LESLIE ROBERSON, III** | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09cv327 |
| | § | |
| **DIRECTOR, TDCJ-CID** | § | |
| | § | |
| *Respondent.* | § | |

## ORDER OF DISMISSAL

Petitioner Robert Leslie Roberson, III, a death row inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Roberson is challenging his Anderson County conviction and death sentence for the capital murder of his two year-old daughter, Nikki Curtis. The petition was referred to the Honorable Roy S. Payne, United States Magistrate Judge, who issued a Report and Recommendation concluding that the petition should be denied. Roberson has filed objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Roberson, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. It is specifically noted that the vast majority of Roberson's claims were procedurally defaulted. He has failed to overcome the procedural bar by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that the failure to consider the claims would result in a fundamental

miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See also Druery v. Thaler*, 647 F.3d 535, 545-46 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1550 (2012). With respect to the claims that were decided on the merits by the state courts, Roberson has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d). With respect to most of Roberson's claims, the state court provided alternative reasons for rejecting them. In such circumstances, relief is unavailable "unless *each* ground supporting the state court decision is examined and found to be unreasonable." *Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012) (emphasis in original). Roberson failed to satisfy this requirement.

In his objections, Roberson initially focused on claims that were procedurally defaulted. He questioned, for example, whether claim numbers 1-3 were procedurally barred. These claims involved allegations of prosecutorial misconduct. The state trial court found that Roberson was "procedurally barred from asserting these complaints by way of the writ of habeas corpus because he could have, but did not, raise them on direct appeal." 17 SHCR 2745-46.[1] "Based upon the trial court's findings and conclusions and [its] own review," the Texas Court of Criminal Appeals denied relief. *Ex parte Roberson*, No. WR-63,081, WR-63,081-02, 2009 WL 2959738 (Tex. Crim. App. 2009). Roberson argued in his objections that he presented the substance of his claims to the trial court. In his response to the petition, the Director correctly argued that Roberson failed to contemporaneously object at trial on the basis of prosecutorial misconduct; instead, Roberson argued that the trial court should have

---

[1]"SHCR" refers to the state habeas clerk's record, preceded by the volume number and followed by the page number.

2

severed the two manner and means under which he was indicted. Roberson significantly shifted the focus of his claims in the state habeas corpus proceedings. The state courts reasonably found that the claims were procedurally barred under the circumstances. Roberson failed to show in his petition, supplemental petition, reply to the answer or in the present objections that the claims were not properly dismissed as procedurally barred. He likewise failed to satisfy *Coleman*'s cause and prejudice test.

Roberson argues that since the state court alternatively rejected claim numbers 1-3 on the merits, then he is entitled "to present them to this Court, unmolested by the state contemporaneous objection rule." *See* Objections, page 6. Roberson, however, must overcome each reason provided by the state court. Nonetheless, claims 1-3 may also be rejected on the merits. The indictment returned by the Grand Jury contained alternative theories in which Roberson allegedly committed capital murder. One theory was that he committed capital murder by intentionally causing the death of his daughter, who was under six years of age. The alternative theory was that he caused the death of his daughter in the course of committing or attempting to commit the offense of aggravated sexual assault. There was evidence submitted at trial supporting both theories. At the close of the guilt-innocence phase of the trial, the State elected to proceed only on the theory that Roberson intentionally caused the death of his daughter, who was under six years of age. The alternative theory was dropped.

Roberson argues that the prosecutor engaged in misconduct by presenting at trial the alternative theory that he caused the death of his daughter during the course of committing or attempting to commit the offense of aggravated sexual assault. This issue was fully developed during the state habeas corpus proceedings. There is no question that the prosecutor was under the erroneous impression that he could proceed on only one theory. The trial court observed that "the State was entitled to submit both manner and means to the jury in this case." 17 SHCR 2748. The trial court further found, however, that there was "no evidence before this Court which, if true would prove that

3

the prosecutor in this case was aware that he could submit both manner and means to the jury. Similarly, the Court [found] that there is no evidence before the Court that the prosecutor in this case abandoned the sexual assault paragraph because he believed that he had no evidence to support the claim." *Id.* The Court finally found that " based upon the record of the motion to sever hearing, the prosecutor in this case believed in good faith that he was required to abandon one claim and elect to proceed on only one at the close of evidence at guilt-innocence." *Id.* at 2748-49. The findings were adopted by the Texas Court of Criminal Appeals. In his objections, Roberson merely asserts that there was a paucity of evidence to support the claim that he raped his child. Nonetheless, Nurse Andrea Sims provided testimony that there was evidence to suggest sexual assault. Roberson has not shown that the prosecutor's actions amounted to prosecutorial misconduct. The evidence merely shows that the prosecutor had a misunderstanding regarding Texas law. He actually benefitted by the State dropping one of the alternative theories. He has not shown, as required by 28 U.S.C. § 2254(d), that the state court's findings of fact or conclusions of law were unreasonable with respect to these claims.

Roberson next objects to the Report and Recommendation's disposition of claims 5-8. The claims concern his challenge to the state experts. He specifically challenged the State's experts based on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). He argued that since the state courts rejected the claims as procedurally barred and on the merits, then "it is unnecessary to engage the Director's assertions of default." Objections, page 11. However, in order to obtain federal habeas corpus relief, he must overcome each reason provided by the state courts. He failed to do so. Just recently, the Fifth Circuit rejected an identical claim brought by Roberson's current counsel in *Williams v. Stephens*, 761 F.3d 561, 571(5th Cir. 2014) ("*Daubert* does not apply to the standards governing the admissibility of expert evidence at a capital sentencing hearing."). Roberson's challenge

to the State's experts lacks merit. Relief should be denied on claims 5-8 because they are procedurally barred and because he failed to satisfy the requirements of § 2254(d).

In claim number 9, Roberson renewed his challenge to the State's experts in terms of an ineffective assistance of counsel claim. The state courts rejected the claim as procedurally barred and on the merits. In his petition, Roberson addressed the findings of the state trial court by asserting that "[t]o file this application before the September 16, 2010 AEDPA deadline, it was not possible for Roberson's attorneys to brief the litany of waiver and procedural default findings and conclusions found by the state district court in its 41-page July 21, 2005 findings and conclusions." *See* Petition, page 179. The explanation lacks credibility. Counsel had five years to develop a response to the state district court's findings and conclusions. In the present petition, Roberson simply failed to satisfy his burden of showing that his ineffective assistance of counsel claim was not procedurally barred. He likewise failed to satisfy the requirements of § 2254(d).

Roberson now asserts that his ineffective assistance of counsel claim was not procedurally barred because such claims must be raised in state habeas corpus proceedings, although he admitted such claims are ordinarily raised in state habeas corpus proceedings "for the reason that a record needs to be made of the trial lawyer's decisions, which is not usually possible on direct appeal." Objections, page 16. In the present case, however, the state court found that Roberson "could have - but failed - to raise this issue on direct appeal." 17 SHCR 2755. Roberson presented a record based ineffective assistance of counsel claim. The trial court observed that an ineffective assistance of counsel claim may be raised again in habeas corpus proceedings if "applicant seeks to gather and introduce additional evidence not contained in the direct appeal record," but Roberson failed to present "new evidence" to support a habeas based ineffective assistance of counsel claim. *Id.* 2755-56. Roberson asserts that he tried to bring new evidence and asked for an evidentiary hearing in state court. Objections, page 17.

5

In rejecting the explanation, the state trial court found "as a matter of law that the voluminous articles and excerpts from various published writings attached to the writ application do not constitute 'new evidence.'" *Id.* at 2756. Roberson has not shown that his ineffective assistance of counsel claim was not procedurally barred. He failed to satisfy *Coleman*'s cause and prejudice test. It is again noted that the state courts, in the alternative, decided the claim on the merits, and Roberson has not shown, as required by 28 U.S.C. § 2254(d), that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In claim numbers 12-13, Roberson challenges Texas' special sentencing issues based on *Ring v. Arizona*, 536 U.S. 584 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Fifth Circuit has repeatedly rejected such challenges. *Blue v. Thaler*, 665 F.3d 647, 669 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 105 (2012); *Rowell v. Dretke*, 398 F.3d 370, 379 (5th Cir.), *cert. denied*, 546 U.S. 848 (2005); *Rivas v. Thaler*, 432 F. App'x 395, 405 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 850 (2011).

In his objections to the resolution of claims 10, 14, 15, 16-30 (not 27), 31, 34-39, and 40-45, Roberson asserts that he respectfully objects to the Report and Recommendation. He specified that he relies on his petition and reply brief. He did not, however, specifically show how the Report and Recommendation was erroneous in any respect.

Having made a *de novo* review of the objections raised by Roberson, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Thus the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

As a final matter, Roberson is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke,* 362 F.3d 323, 328 (5th Cir.2004). In making that substantial showing, a petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack,* 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson,* 200 F.3d 274, 280–81 (5th Cir.), *cert. denied,* 531 U.S. 849 (2000).

Here, Roberson has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Roberson are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Roberson has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued. It is accordingly

**ORDERED** that the Report and Recommendation (docket entry #42) is **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

7

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 30th day of September, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE